GENERAL LAWS OF RHODE ISLAND ANNOTATED, 1956
TITLE 12. CRIMINAL PROCEDURE
CHAPTER 7. ARREST
12-7-1. Temporary detention of suspects. --

A peace officer may detain any person abroad whom he or she has reason to suspect is committing, has committed, or is about to commit a crime, and may demand of the person his or her name, address, business abroad, and destination; and any person who fails to identify himself or herself and explain his or her actions to the satisfaction of the peace officer may be further detained and further questioned and investigated by any peace officer; provided, in no case shall the total period of the detention exceed two (2) hours, and the detention shall not be recorded as an arrest in any official record. At the end of the detention period the person so detained shall be released unless arrested and charged with a crime.

History of Section.

G.L. 1938, ch. 625, § 68; P.L. 1941, ch. 982, § 1; G.L. 1956, § 12-7-1.

REFERENCES

Cross References.
Detention of shoplifting suspects, § 11-41-21.
Fingerprinting, § 12-1-9.1.
Railroad, steamboat, and bridge police, authority, § 12-2-3 et seq.
State police powers, § 42-28-19.

NOTES TO DECISIONS

Analysis.

1. Time for bringing charge.
2. Liability of officer.
3. Confession obtained while failing to comply.
4. Distinction between detention and arrest.
5. Harassment.
6. Reasonable suspicion.
7. Investigatory seizures.

1. Time for Bringing Charge.

The intent of this statute is to prohibit detention for an unreasonable period without formally charging the person so detained with an offense, but not to prescribe a limit of two hours within which the charge must be brought. State v. Kilday, 90 R.I. 91, 155 A.2d 336 (1959).

Where defendant was formally charged and duly arraigned before the district court the next day, defendant's plea in abatement was of no avail to him. State v. Kilday, 90 R.I. 91, 155 A.2d 336 (1959).

2. Liability of Officer.

This statute definitely prescribes a limitation of two hours within which the arresting authority must either decide to release the person detained or continue him in detention with the ultimate obligation of formally charging him with an offense and bringing him before a court for arraignment. When the arresting officer fails to follow that course and holds a person beyond the prescribed period of two hours, such detention becomes unlawful ab initio

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exh. #2

and subjects the arresting officer to liability for false imprisonment. State v. Kilday, 90 R.I. 91, 155 A.2d 336 (1959).

Where the record shows no offense and the police officer in his testimony does not claim he had any reason to suspect that the plaintiff had committed or was about to commit an offense, and that he ordered plaintiff taken to the station to ascertain whether he, the officer, had authority to order the plaintiff to get off a certain bridge by returning the way he had come upon it, this section gives him no justification for an arrest or detention. Berberian v. Smith, 99 R.I. 198, 206 A.2d 531 (1945).

In a suit against police officers for false arrest where defendants pled in justification a common-law arrest predicated upon probable cause therefor, thereby putting in issue the validity of an arrest at common law, the question of the legality of detention under this section is not in issue. Cioci v. Santos, 99 R.I. 308, 207 A.2d 300 (1965).

Where plaintiff sues for false arrest the defendant officer's special plea in justification that he did detain plaintiff in accordance with this section is on its face only a conclusion of law; fails to meet and justify the cause of action stated in the declaration and is therefore demurrable. Ahern v. Lynch, 99 R.I. 316, 207 A.2d 296 (1965).

One who, for the purpose of bringing an action for false arrest, engaged in suspicious conduct, had a confederate direct attention of police to him, carried no identification on him, and refused to answer questions by police and who was taken to police headquarters without force, identified, and released without being booked had no cause of action for false arrest. Clark v. Bird, 354 F.2d 977 (1st Cir.), cert. denied, 384 U.S. 906, 86 S. Ct. 1341, 16 L. Ed. 2d 359 (1966).

A peace officer is not liable on a false arrest charge for plaintiff's temporary detention pursuant to statute, since a peace officer is entitled to rely upon its presumptive validity. Descoteaux v. Bonaventura, 115 R.I. 555, 350 A.2d 396 (1976); Johnson v. Palange, 397 A.2d 528 (R.I. 1979).

3. Confession Obtained While Failing to Comply.

Motion to suppress admission of guilt to arresting officer because of violation of this section was properly overruled because defendant had opportunity to object to admission of confession at trial. State v. Olivieri, 86 R.I. 211, 133 A.2d 767 (1957).

4. Distinction Between Detention and Arrest.

The legislature in the exercise of its broad police power can provide for a distinction between "detention" and "arrest" and a period of detention reasonably limited, unaccompanied by unreasonable or unnecessary restraint and based upon circumstances reasonably suggestive of criminal involvement is lawfully distinguished from an arrest, creating no deprivation of liberty, due process, right to bail, speedy trial, representation by counsel or habeas corpus. Kavanagh v. Stenhouse, 93 R.I. 252, 174 A.2d 560 (1961), appeal dismissed, 368 U.S. 516, 82 S. Ct. 529, 7 L. Ed. 2d 521 (1962).

Where plaintiff was apprehended and taken to a police station, the mere act of asking plaintiff to produce his operator's license did not convert the arrest into a detention under the provisions of this section. Barth v. Flad, 99 R.I. 446, 208 A.2d 533 (1965).

The taking of defendant to the police station upon his failure to produce a driver's license when requested by the police officer was not a detention under this section but an arrest. State v. Giragosian, 107 R.I. 657, 270 A.2d 921 (1970).

5. Harassment.

A pattern of police conduct calculated to harass and intimidate and carried out in bad faith in an attempt to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

circumvent the criminal process by misuse of the temporary detention law caused irreparable injury and injunctive relief was appropriate. Dempsey v. McQueeney, 387 F. Supp. 333 (D.R.I. 1975).

6. Reasonable Suspicion.

While a reasonable suspicion might justify a brief investigatory stop of an individual to determine his identity or momentarily to maintain the status quo, probable cause remains a prerequisite to an arrest. State v. Frazier, 421 A.2d 546 (R.I. 1980).

7. Investigatory Seizures.

Investigatory seizures, such as the taking of a person to police headquarters, have been held to be arrests for constitutional purposes and consequently require for their legality the existence of probable cause. State v. Frazier, 421 A.2d 546 (R.I. 1980).

Gen. Laws, 1956, § 12-7-1, **RI ST § 12-7-1**

Current through January 2004 Session.

Copyright; 1953-2004 by the State of Rhode Island and Providence Plantations

and Matthew Bender & Company, Inc. a member of the LexisNexis Group. All

rights reserved.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.