AO 245B (Rev. 6/05) Judgment in a Criminal Case - Sheet 1

# UNITED STATES DISTRICT COURT

## District of Rhode Island

RECEIVED
2006 OCT 10 A 8:25
U.S. MARSHAL'S OFFICE
DISTRICT OF R.I.

UNITED STATES OF AMERICA

v.

HECTOR OLIVA
a/k/a LUSBIN MALOINI

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **1:05CR00141-01ML**

USM Number: **05697-070**

**James T. McCormick, Esq.**
Defendant's Attorney

RECEIVED
JUN 23 2006
US MARSHALS
RHODE ISLAND

**THE DEFENDANT:**

[✓] pleaded guilty to count(s): **I of the Indictment** .
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| **8 U.S.C. § 1326(a) and (b)(2)** | **Illegal Reentry** | **December 12, 2005** | **I** |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___.

[ ] Count(s) ___ [ ] is [ ] are dismissed on motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

**June 21, 2006**
Date of Imposition of Judgment

Mary M. Lisi
Signature of Judicial Officer

**MARY M. LISI**
**United States District Judge**
Name & Title of Judicial Officer

June 22, 2006
Date

...est to
True Copy
DAVID A. DIMARZIO
By [signature] Deputy Clerk

18

CASE NUMBER: **1:05CR00141-01ML**
DEFENDANT: **HECTOR OLIVA, a/k/a Lusbin Maloini**



# IMPRISONMENT

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 77 months.**

[ ] The court makes the following recommendations to the Bureau of Prisons:

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at __ on __.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on __.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

________________________________________

________________________________________

________________________________________

Defendant delivered on Sept. 29, 2006 to USP HAZELTON

at BRUCETON MILLS, WV, with a certified copy of this judgment.

AL HAYNES, WARDEN
~~UNITED STATES MARSHAL~~

By [signature] ISO
~~Deputy United States Marshal~~

CASE NUMBER: 1:05CR00141-01ML
DEFENDANT: HECTOR OLIVA, a/k/a Lusbin Maloini



# SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years .**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)
[✓] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)
[✓] The defendant shall cooperate with the collection of DNA as directed by the probation officer. (Check, if applicable)
[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**FOR OFFICIAL USE ONLY - US PROBATION OFFICE**

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or (3) modify the conditions of supervision.
These conditions have been read to me. I fully understand them and have been provided a copy.

(Signed)

Defendant ______________________ Date ______________

US Probation Officer/Designated Witness ______________________ Date ______________

CASE NUMBER: **1:05CR00141-01ML**
DEFENDANT: **HECTOR OLIVA, a/k/a Lusbin Maloini**



## SPECIAL CONDITION OF SUPERVISION

**Upon completing his term of incarceration, the defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, Title 8, United States Code, Section 1101 et seq., and Title 18, United States Code, Section 3583(d). Furthermore, if ordered deported, the defendant shall remain outside the United States for the entire term of his period of supervised release.**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | **$100.00** | **$0.00** | **$0.00** |

[ ] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| TOTALS: | | | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement. $_______

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[ ] the interest requirement is waived for the [ ] fine and/or [ ] restitution.

[ ] the interest requirement for the [ ] fine and/or [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

CASE NUMBER: **1:05CR00141-01ML** 
DEFENDANT: **HECTOR OLIVA, a/k/a Lusbin Maloini**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [✓] **Lump sum payment of $100.00 due immediately.**

[ ] not later than _, or
[ ] in accordance with [] C, [] D, [] E, or [] F below; or

B [ ] Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

C [ ] Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $_ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $_ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3 )restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.