MANDATE
USDC/RI 05-00141 Lisi, J

# United States Court of Appeals
## For the First Circuit

No. 06-1990

UNITED STATES OF AMERICA,

Appellee,

v.

HECTOR OLIVA,

Defendant, Appellant.

Before

Lipez, Circuit Judge,
Selya, Senior Circuit Judge,
and Howard, Circuit Judge.

**JUDGMENT**

Entered: June 20, 2008

The primary issue in this sentencing appeal is whether the district court erred in refusing to consider "fast-track disparity"[1] in crafting an appropriate sentence for the defendant under 18 U.S.C. § 3553(a).[2] While this appeal was pending, this court issued two decisions on this issue: First, United States v. Andújar-Arias, 507 F.3d 734 (1st Cir. 2007), cert. denied, 128 S. Ct. 1726 (2008), held that fast-track disparity could not form the basis for imposing a sentence below the guideline range; more recently, Rodríguez abrogated Andújar-Arias in light of the Supreme Court's intervening decision in Kimbrough v. United States, 128 S. Ct. 558 (2007), and held that "consideration of fast-

[1]We use the term "fast-track disparity" as a shorthand way of referring to the "sentencing disparity attributable to the selective inauguration of so-called 'fast-track' programs for the processing of immigration crimes." United States v. Rodríguez, 2008 WL 2265898, at *1 (1st Cir. June 4, 2008).

[2]In the district court, defendant also sought a downward departure under the guidelines on the basis of fast-track disparity. On appeal, he does not challenge the district court's denial of such a departure.

track disparity is not categorically barred as a sentence-evaluating datum within the overall ambit of 18 U.S.C. § 3553(a)," Rodríguez, 2008 WL 2265898, at *7.

In light of Rodríguez, it is now clear that the district court erred in concluding that it lacked the authority to consider fast-track disparity in sentencing the defendant. Because this issue was preserved below, and the district court's comments at sentencing leave us unconvinced that, absent this error, it would have imposed the same sentence, United States v. Anderson, 452 F.3d 87, 93, 94 (1st Cir. 2006), we remand the case for resentencing in light of Rodríguez. Even though the district court may well impose the same sentence even with this additional factor in the mix, Rodríguez, 2008 WL 2265898, at *9, it should have the opportunity to make that determination in the first instance.

The only other argument in defendant's counseled brief is that the district court impermissibly "double-counted" his prior robbery conviction by considering it both in computing his base offense level for illegal reentry after a prior conviction for a crime of violence and in computing his criminal history score. Because that argument is made for the first time on appeal, it is reviewable only for plain error. United States v. Goodhue, 486 F.3d 52, 57 (1st Cir. 2007). Given this court's prior decision rejecting precisely that argument, United States v. Zapata, 1 F.3d 46, 47-49 (1st Cir. 1993), the district court did not plainly err in rejecting it as well.

In a pro se supplemental brief, defendant makes the following additional arguments, all of which are either waived, plainly without merit, or both: (1) that the district court deprived him of effective assistance of counsel by appointing an attorney who purportedly had no prior experience in immigration cases and had a conflict of interest; (2) that the district court lacked federal jurisdiction because the offense occurred within the boundaries of a state; (3) that the district court erred in denying his motion to suppress; (4) that the district court erred in enhancing his offense level under USSG § 3C1.1 based on obstruction of justice; and (5) that the district court erred in failing to give him a third point downward adjustment for acceptance of responsibility under USSG § 3E1.1(b), on its own motion, in the absence of a government motion to that effect.

Accordingly, the sentence is vacated and the case is remanded for the sole purpose of resentencing in light of Rodríguez. 1st Cir. R. 27.0(c).

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

MK

**Deputy Clerk**

**Date:** 7/14/08

By the Court:

/s/ Richard Cushing Donovan, Clerk.