UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. CR NO. 05-141ML

HECTOR OLIVA

**DEFENDANT'S RESENTENCING MEMORANDUM**

The Defendant, Hector Oliva, pleaded guilty to a one (1) count indictment charging him with illegal reentry after deportation following a conviction for a felony that was a crime of violence, pursuant to 18 USC §1326(b)(2). Before he had agreed to plead guilty, Defendant Oliva moved to suppress his statements to the police, which was denied after hearing. At the suppression hearing Defendant testified, but his testimony was rejected by the court, which resulted in him receiving a two level increase for obstruction.

The PSR calculated the guideline range of 92-115 months based on a total offense level of 26 and a criminal history category of IV, which was based in part on the denial of a reduction for acceptance of responsibility. At the sentencing hearing the court awarded a two level reduction for acceptance of responsibility based on Defendant's willingness to plead guilty to the charge, resulting in the loss of his right to appeal the denial of his motion to suppress. Defendant's recalculated guideline level was 24, which resulted in a guideline range of 77-96 months. The court sentenced the Defendant to the low end, 77 months.

Defendant appealed his sentence, raising several issues, all of which were rejected by the Court of Appeals with the exception of one: whether the District Court erred in refusing to consider "Fast Track Disparity" in crafting an appropriate sentence for the

Defendant under 18 USC §3553(a). This issue was presented by the fact that during the pendency of this appeal the First Circuit decided in United States v. Rodriguez, 2008 WL 226 5898 (First Cir. June 4, 2008), that "consideration of Fast Track Disparity is not categorically barred as a sentence evaluating datum within the overall ambit at 18 USC §3553(a)." *Rodriguez at 7*.

The Court of Appeals thus found that Defendant has a right to have the sentencing court consider the fast track argument in calculating his sentence and, after rejecting all other grounds of appeal, remanded the case to this honorable court for resentencing solely on the issue of reconsideration of the fast track argument: "Accordingly the sentence is vacated and the case is remanded for the sole purpose of resentencing in light of Rodriguez."

This Court's task, as set forth in Rodriguez , is to engage in a "holistic inquiry", of all of the § 3553(a) factors, including factors implicated by allegations of fast track disparity.

Rodriguez defines the court's sentencing calculus as follows: First, when confronted with the allegation of fast track disparity, the court should determine "…whether and to what extent a relevant disparity exists at all and then, if it finds one, engage in a comprehensive evaluation of whether this and other items in the constellation of § 3553(a) factors, viewed as a whole, cast doubt on the suitability of a within-the-range sentence." Rodriguez, 527 F.3d 221, 228 (First Cir., 2008). The appeals court emphasized that a sentencing court should not be bound by the Pre-Kimbrough "Isthmian question of whether a particular item (there, fast track disparity) could be considered under the aegis of a specific provision of § 3553(a) (there section, of § 3553(a)(6))."

Under Rodriguez the threshold question is whether a disparity exists at all. The answer to that question is obviously yes, given the fact that the very purpose of the fast track program is to create a disparity by giving a substantial sentence reduction to those Defendants who are fortunate enough to be located in a district where the program is offered. (See United States vs. Andujar-Arias, 507 F. 3rd 734,739(First Cir., 2007), which accepts the premise that the fast track program results in disparities, but found that such disparities were not "unwarranted" and thus could not justify downward departures in non fast track districts. That case was specifically overruled by Rodriguez.)

§ 5K3.1 of the Sentencing Guideline authorizes a downward departure of not more than four levels pursuant to early disposition programs. There has never been a question that the fast track program creates disparities, but the courts have generally held that the obvious congressional intent to create such disparities would preclude them from being considered "unwarranted" under § 3553(a)(6).

The fact that the fast track program resulted in actual sentence reductions was noted by some courts (See, eg., United States v. Santos, 406 F. Supp. 2d. 320, 325-326 (S.D. N.Y. 2005), which referenced a judicial finding that, "most fast track illegal reentry jurisdictions on average reduce a sentence by four offense levels" (*id*). This is consistent with the four level possible increase authorized by 5K3.1.

The scope of the disparity is demonstrated and quantified by statistics published by the United States Sentencing Commission. The Commission's Final Quarterly Data Report for Fiscal Year 2007, yields the following data:

1. Cases involving immigration offenses comprised a substantial number of the total cases, 34.2% (17,592 immigration cases out of 72,765. See attached Table 21.)
2. The Commission specifically tracks dispositions under 5K3.1. The Attached Table 8 indicates that 3,697 cases involving immigration offenses were disposed of under the early disposition program. These cases had a medium sentence of 19.0 months, and a median decrease of 6.0 months from the guideline minimum, representing a 26.3% decrease from the guideline minimum.
3. Table 5 charts disposition by specific guideline. Under Section 2L1.2, the guideline under which Defendant was sentenced, there were a total of 10,877 dispositions. Of this number 2,833 were disposed of under 5K3.1. Thus, 26% of illegal reentry dispositions under 2L1.2 received a fast track reduction.
4. Table 2 shows that there were no 5K3.1 early dispositions in the First Circuit.

From this data the following conclusions can be drawn:

First, fast track dispositions are available to about one quarter (1/4) of those charged with immigration offenses;

Second, fast track dispositions result in a 26% reduction from the guideline minimum;

Third, the median sentence for immigration cases receiving a 5K3.1 reduction is 19 months.

Defendant Hector Oliva's sentence was the guideline minimum of 77 months.

Mr. Oliva's sentence is clearly much higher than the median sentence of 19 months with 5K3.1 departures. If the maximum four level departure authorized under 5K3.1 were applied, the resulting sentence would be 51-63 months, a 33% reduction from 77 months. Defendant respectfully submits that such a sentence is sufficient but not greater than necessary to comply with the factors enumerated in 18 USC 3553, that is;

1. The nature of circumstances of the offense and the history and characteristics of the Defendant;
2. The need for the sentence to reflect the seriousness of the offense and to provide just punishment;
3. A sentence that will award adequate deterrence to criminal conduct;
4. The protection of the public from further crimes of the Defendant; and
5. The need to avoid unwarranted sentence disparities.

For these reasons Defendant respectfully requests that this Honorable Court pronounce a sentence which takes into account all the sentencing factors considered as a whole, and a sentence that is sufficient but not greater than necessary to accomplish the purposes of § 3553(a).

Respectfully Submitted,

DEFENDANT HECTOR OLIVA
By his Attorneys,
McKENNA & McCORMICK

/s/ James T. McCormick
James T. McCormick (#2614)
128 Dorrance Street, Ste. 330
Providence, RI 02903
(401) 831-2970
(401) 751-1797 (Fax)

**CERTIFICATION**

I hereby certify that on September 4, 2008, a copy of the foregoing Defendant's Resentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ James T. McCormick
James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

Table 21

**GUIDELINE OFFENDERS IN EACH PRIMARY OFFENSE CATEGORY[1]**
**Fiscal Year 2007**

| PRIMARY OFFENSE | Number | Percent |
|---|---|---|
| **TOTAL** | **72,765** | **100.0** |
| Murder | 81 | 0.1 |
| Manslaughter | 65 | 0.1 |
| Kidnapping/Hostage Taking | 48 | 0.1 |
| Sexual Abuse | 382 | 0.5 |
| Assault | 576 | 0.8 |
| Robbery | 1,120 | 1.5 |
| Arson | 78 | 0.1 |
| Drugs - Trafficking | 24,332 | 33.4 |
| Drugs - Communication Facility | 376 | 0.5 |
| Drugs - Simple Possession | 664 | 0.9 |
| Firearms | 8,359 | 11.5 |
| Burglary/B&E | 41 | 0.1 |
| Auto Theft | 64 | 0.1 |
| Larceny | 1,762 | 2.4 |
| Fraud | 7,767 | 10.7 |
| Embezzlement | 465 | 0.6 |
| Forgery/Counterfeiting | 1,157 | 1.6 |
| Bribery | 243 | 0.3 |
| Tax | 647 | 0.9 |
| Money Laundering | 918 | 1.3 |
| Racketeering/Extortion | 621 | 0.9 |
| Gambling/Lottery | 113 | 0.2 |
| Civil Rights | 64 | 0.1 |
| Immigration | 17,592 | 24.2 |
| Pornography/Prostitution | 1,445 | 2.0 |
| Prison Offenses | 316 | 0.4 |
| Administration of Justice Offenses | 1,016 | 1.4 |
| Environmental/Wildlife | 193 | 0.3 |
| National Defense | 32 | 0.0 |
| Antitrust | 15 | 0.0 |
| Food & Drug | 71 | 0.1 |
| Other Miscellaneous Offenses | 2,142 | 2.9 |

[1] Of the 72,865 cases, 100 were excluded due to missing information on primary offense category. Descriptions of variables used in this table are provided in Appendix A.

SOURCE: U.S. Sentencing Commission, 2007 Datafile, USSCFY07.

## Table 8

## §5K3.1 EARLY DISPOSITION PROGRAM DEPARTURE CASES: DEGREE OF DECREASE FOR OFFENDERS IN EACH PRIMARY OFFENSE CATEGORY[1]
### Fiscal Year 2007

| PRIMARY OFFENSE | n | Median Sentence in Months | Median Decrease in Months From Guideline Minimum | Median Percent Decrease From Guideline Minimum |
|---|---|---|---|---|
| **TOTAL** | **4,957** | **18.0** | **7.0** | **27.8** |
| Murder | 0 | -- | -- | -- |
| Manslaughter | 1 | -- | -- | -- |
| Kidnapping/Hostage Taking | 1 | -- | -- | -- |
| Sexual Abuse | 0 | -- | -- | -- |
| Assault | 9 | 10.0 | 6.0 | 31.4 |
| Robbery | 1 | -- | -- | -- |
| Arson | 0 | -- | -- | -- |
| Drugs - Trafficking | 1,162 | 13.0 | 10.0 | 35.3 |
| Drugs - Communication Facility | 0 | -- | -- | -- |
| Drugs - Simple Possession | 1 | -- | -- | -- |
| Firearms | 37 | 13.0 | 7.0 | 33.2 |
| Burglary/B&E | 0 | -- | -- | -- |
| Auto Theft | 0 | -- | -- | -- |
| Larceny | 4 | 9.0 | 7.0 | 47.2 |
| Fraud | 3 | 0.0 | 4.0 | 100.0 |
| Embezzlement | 0 | -- | -- | -- |
| Forgery/Counterfeiting | 1 | -- | -- | -- |
| Bribery | 0 | -- | -- | -- |
| Tax | 4 | 6.0 | 12.0 | 74.9 |
| Money Laundering | 9 | 3.4 | 6.0 | 63.3 |
| Racketeering/Extortion | 0 | -- | -- | -- |
| Gambling/Lottery | 0 | -- | -- | -- |
| Civil Rights | 1 | -- | -- | -- |
| Immigration | 3,697 | 19.0 | 6.0 | 26.3 |
| Pornography/Prostitution | 3 | 30.0 | 30.0 | 38.5 |
| Prison Offenses | 8 | 41.5 | 10.0 | 23.0 |
| Administration of Justice Offenses | 7 | 6.0 | 4.0 | 60.0 |
| Environmental/Wildlife | 0 | -- | -- | -- |
| National Defense | 0 | -- | -- | -- |
| Antitrust | 0 | -- | -- | -- |
| Food & Drug | 0 | -- | -- | -- |
| Other Miscellaneous Offenses | 8 | 5.9 | 6.0 | 55.0 |

[1] Of the 72,865 cases, 5,233 received a §5K3.1 early disposition program departure. Of these, 4,959 had complete guideline application information. One additional case was excluded due to several logical criteria. Of the remaining 4,958 cases, one was excluded due to missing sentence information. Note that the information presented in this table does include sentences of probation, but does not include any time of alternative confinement as described in USSG §5C1.1. Descriptions of variables used in this table are provided in Appendix A.

SOURCE: U.S. Sentencing Commission, 2007 Datafile, USSCFY07.

## Table 5 (cont.)

| Guideline | Total | Within Guideline Range | Upward Departure | | Above Range | | Government Sponsored | | | Downward Departure | | Below Range | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Gdline Only | with *Booker* | with *Booker* | All Others | §5K1.1 | §5K3.1 | Other Gov't | Gdline Only | with *Booker* | with *Booker* | All Others |
| §2H4.1 | 13 | 6 | 0 | 0 | 0 | 0 | 0 | 1 | 2 | 1 | 0 | 2 | 1 |
| §2H4.2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2J1.1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2J1.2 | 148 | 73 | 0 | 0 | 3 | 0 | 20 | 0 | 13 | 9 | 7 | 22 | 1 |
| §2J1.3 | 67 | 37 | 1 | 0 | 2 | 0 | 6 | 1 | 3 | 7 | 0 | 10 | 0 |
| §2J1.4 | 18 | 18 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2J1.5 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 |
| §2J1.6 | 76 | 57 | 0 | 1 | 1 | 0 | 2 | 0 | 3 | 5 | 1 | 5 | 1 |
| §2J1.7 | 50 | 27 | 0 | 0 | 0 | 1 | 14 | 0 | 3 | 0 | 0 | 5 | 0 |
| §2J1.8 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2J1.9 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2K1.1 | 15 | 15 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2K1.2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2K1.3 | 35 | 17 | 0 | 0 | 0 | 0 | 4 | 0 | 4 | 3 | 3 | 3 | 1 |
| §2K1.4 | 96 | 54 | 2 | 1 | 4 | 0 | 29 | 0 | 2 | 0 | 1 | 2 | 1 |
| §2K1.5 | 9 | 9 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2K1.6 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2K1.7 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2K2.1 | 6,389 | 4,519 | 42 | 27 | 56 | 10 | 600 | 38 | 170 | 197 | 135 | 540 | 55 |
| §2K2.2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2K2.3 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2K2.4 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2K2.5 | 18 | 16 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 1 |
| §2K2.6 | 8 | 6 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 |
| §2K3.1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2K3.2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2L1.1 | 3,356 | 1,706 | 45 | 7 | 12 | 6 | 203 | 949 | 249 | 53 | 17 | 81 | 28 |
| §2L1.2 | 10,877 | 6,286 | 47 | 14 | 103 | 14 | 63 | 2,833 | 532 | 380 | 86 | 465 | 54 |
| §2L1.3 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2L2.1 | 428 | 265 | 1 | 0 | 6 | 1 | 70 | 1 | 11 | 9 | 9 | 49 | 6 |
| §2L2.2 | 1,142 | 993 | 18 | 2 | 77 | 2 | 8 | 6 | 11 | 1 | 2 | 12 | 10 |
| §2L2.3 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2L2.4 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2L2.5 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M1.1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M2.1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M2.2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M2.3 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M2.4 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M3.1 | 1 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M3.2 | 2 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| §2M3.3 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M3.4 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M3.5 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M3.6 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M3.7 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M3.8 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M3.9 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M4.1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| §2M5.1 | 11 | 1 | 0 | 0 | 0 | 0 | 7 | 0 | 0 | 0 | 0 | 1 | 2 |
| §2M5.2 | 19 | 7 | 0 | 0 | 0 | 0 | 8 | 0 | 2 | 1 | 0 | 1 | 0 |
| §2M5.3 | 6 | 2 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 2 | 1 | 0 |
| §2M6.1 | 5 | 4 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 |
| §2M6.2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

**Table 2 (cont.)**

| CIRCUIT | §5K1.1 SUBSTANTIAL ASSISTANCE | | §5K3.1 EARLY DISPOSITION | | OTHER GOV'T SPONSORED | | DOWNWARD DEPARTURE | | DOWNWARD DEPARTURE W/ *BOOKER* | | BELOW RANGE W/ *BOOKER* | | REMAINING BELOW RANGE | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| District | n | % | n | % | n | % | n | % | n | % | n | % | n | % |
| **TOTAL** | **10,049** | **14.4** | **5,233** | **7.5** | **2,614** | **3.7** | **1,757** | **2.5** | **1,013** | **1.4** | **4,957** | **7.1** | **706** | **1.0** |
| **D.C. CIRCUIT** | **152** | **33.9** | **0** | **0.0** | **40** | **8.9** | **3** | **0.7** | **15** | **3.3** | **39** | **8.7** | **7** | **1.6** |
| District of Columbia | 152 | 33.9 | 0 | 0.0 | 40 | 8.9 | 3 | 0.7 | 15 | 3.3 | 39 | 8.7 | 7 | 1.6 |
| **FIRST CIRCUIT** | **207** | **10.8** | **0** | **0.0** | **47** | **2.5** | **90** | **4.7** | **33** | **1.7** | **190** | **9.9** | **14** | **0.7** |
| Maine | 35 | 18.3 | 0 | 0.0 | 0 | 0.0 | 8 | 4.2 | 3 | 1.6 | 12 | 6.3 | 1 | 0.5 |
| Massachusetts | 62 | 10.8 | 0 | 0.0 | 17 | 3.0 | 42 | 7.3 | 15 | 2.6 | 109 | 18.9 | 6 | 1.0 |
| New Hampshire | 65 | 27.2 | 0 | 0.0 | 11 | 4.6 | 16 | 6.7 | 3 | 1.3 | 15 | 6.3 | 2 | 0.8 |
| Puerto Rico | 40 | 5.2 | 0 | 0.0 | 17 | 2.2 | 18 | 2.3 | 9 | 1.2 | 24 | 3.1 | 4 | 0.5 |
| Rhode Island | 5 | 3.5 | 0 | 0.0 | 2 | 1.4 | 6 | 4.2 | 3 | 2.1 | 30 | 21.1 | 1 | 0.7 |
| **SECOND CIRCUIT** | **955** | **21.6** | **2** | **0.0** | **104** | **2.3** | **240** | **5.4** | **182** | **4.1** | **620** | **14.0** | **70** | **1.6** |
| Connecticut | 73 | 18.1 | 0 | 0.0 | 9 | 2.2 | 54 | 13.4 | 30 | 7.4 | 53 | 13.1 | 1 | 0.2 |
| New York | | | | | | | | | | | | | | |
| Eastern | 244 | 23.4 | 2 | 0.2 | 35 | 3.4 | 64 | 6.1 | 83 | 8.0 | 144 | 13.8 | 25 | 2.4 |
| Northern | 132 | 30.3 | 0 | 0.0 | 7 | 1.6 | 35 | 8.0 | 9 | 2.1 | 21 | 4.8 | 0 | 0.0 |
| Southern | 252 | 15.3 | 0 | 0.0 | 31 | 1.9 | 58 | 3.5 | 48 | 2.9 | 347 | 21.1 | 31 | 1.9 |
| Western | 226 | 29.9 | 0 | 0.0 | 19 | 2.5 | 9 | 1.2 | 2 | 0.3 | 46 | 6.1 | 13 | 1.7 |
| Vermont | 28 | 20.0 | 0 | 0.0 | 3 | 2.1 | 20 | 14.3 | 10 | 7.1 | 9 | 6.4 | 0 | 0.0 |
| **THIRD CIRCUIT** | **833** | **27.1** | **0** | **0.0** | **52** | **1.7** | **74** | **2.4** | **71** | **2.3** | **352** | **11.4** | **42** | **1.4** |
| Delaware | 9 | 8.5 | 0 | 0.0 | 4 | 3.8 | 0 | 0.0 | 1 | 0.9 | 20 | 18.9 | 4 | 3.8 |
| New Jersey | 283 | 28.0 | 0 | 0.0 | 8 | 0.8 | 31 | 3.1 | 8 | 0.8 | 121 | 12.0 | 9 | 0.9 |
| Pennsylvania | | | | | | | | | | | | | | |
| Eastern | 262 | 33.6 | 0 | 0.0 | 10 | 1.3 | 10 | 1.3 | 28 | 3.6 | 115 | 14.7 | 17 | 2.2 |
| Middle | 208 | 35.5 | 0 | 0.0 | 24 | 4.1 | 9 | 1.5 | 11 | 1.9 | 56 | 9.6 | 7 | 1.2 |
| Western | 57 | 11.7 | 0 | 0.0 | 5 | 1.0 | 24 | 4.9 | 16 | 3.3 | 35 | 7.2 | 0 | 0.0 |
| Virgin Islands | 14 | 13.3 | 0 | 0.0 | 1 | 1.0 | 0 | 0.0 | 7 | 6.7 | 5 | 4.8 | 5 | 4.8 |
| **FOURTH CIRCUIT** | **1,011** | **16.8** | **0** | **0.0** | **60** | **1.0** | **99** | **1.6** | **98** | **1.6** | **284** | **4.7** | **42** | **0.7** |
| Maryland | 175 | 26.8 | 0 | 0.0 | 17 | 2.6 | 26 | 4.0 | 29 | 4.4 | 53 | 8.1 | 11 | 1.7 |
| North Carolina | | | | | | | | | | | | | | |
| Eastern | 165 | 28.3 | 0 | 0.0 | 0 | 0.0 | 8 | 1.4 | 5 | 0.9 | 17 | 2.9 | 6 | 1.0 |
| Middle | 67 | 15.9 | 0 | 0.0 | 1 | 0.2 | 2 | 0.5 | 1 | 0.2 | 19 | 4.5 | 0 | 0.0 |
| Western | 173 | 22.8 | 0 | 0.0 | 12 | 1.6 | 5 | 0.7 | 6 | 0.8 | 21 | 2.8 | 6 | 0.8 |
| South Carolina | 170 | 15.2 | 0 | 0.0 | 14 | 1.2 | 18 | 1.6 | 3 | 0.3 | 44 | 3.9 | 4 | 0.4 |
| Virginia | | | | | | | | | | | | | | |
| Eastern | 79 | 5.9 | 0 | 0.0 | 7 | 0.5 | 25 | 1.9 | 50 | 3.7 | 78 | 5.8 | 12 | 0.9 |
| Western | 140 | 22.6 | 0 | 0.0 | 7 | 1.1 | 8 | 1.3 | 1 | 0.2 | 29 | 4.7 | 2 | 0.3 |
| West Virginia | | | | | | | | | | | | | | |
| Northern | 23 | 8.6 | 0 | 0.0 | 2 | 0.7 | 5 | 1.9 | 2 | 0.7 | 16 | 6.0 | 0 | 0.0 |
| Southern | 19 | 7.5 | 0 | 0.0 | 0 | 0.0 | 2 | 0.8 | 1 | 0.4 | 7 | 2.8 | 1 | 0.4 |